IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States,<br>　　　　Plaintiff,<br>　　v.<br>Keith Washington,<br>　　　　Defendant. | Case No. 22-cr-00002-CRB-1<br><br>**ORDER DENYING MOTION TO REVOKE DETENTION ORDER** |

Defendant Keith Washington ("Washington"), indicted for bank robbery and attempted bank robbery under 18 U.S.C. § 2113(a), moves to revoke Magistrate Judge Tse's order that Washington be detained pretrial. See Detention Order (dkt. 47). The government seeks detention because Washington's history of bank robberies, including the bank robberies charged in this case, present a danger to the community, and no condition or combination of conditions will reasonably assure the safety of the community under 18 U.S.C. § 3142(e). The Court reviews Judge Tse's order de novo. See 18 U.S.C. § 3145(b); United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). Following a motion hearing on July 25, 2023, the Court denies the motion to revoke.

Under 18 U.S.C. § 3142(b), the court shall release a defendant on personal recognizance or appearance bond, unless the Court "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Courts may impose conditions that they deem necessary to guard against a defendant's flight or danger to the community. 18 U.S.C. § 3142(c). In deciding whether conditions could reasonably assure the defendant's appearance and the safety of the community, courts are to evaluate: the nature and

circumstances of the offense charged, including whether it involves a firearm; the weight of the evidence against the person; the history and characteristics of the person, including family ties, length of residence, past conduct, drug or alcohol abuse, and criminal history; and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g). If the Court finds that there are no conditions or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community, it must order the defendant detained pretrial. 18 U.S.C. § 3142(e).

The Court finds that the § 3142(g) factors militate against release, including release with the conditions proposed by Washington's counsel, which would include lockdown in a halfway house with location monitoring. Washington has a long history of bank robberies going back decades—and the two robberies he is charged with in this case are alleged to have occurred just months after he was released from supervised release for his last bank robbery conviction. While his prior bank robberies have not involved the use of firearms, the robberies he is charged with in this case involved demand notes that threatened the use of a gun, which heightened the risk of violence for all involved. See, e.g., United States v. Rice, No. 12-CR-818-PJH, 2020 WL 3402274, at *4 (N.D. Cal. June 19, 2020) ("The fact that he was unarmed when he committed the bank robbery does not diminish the risk of danger that he poses to the community if he were to be released."), vacated and remanded on other grounds, 848 F. App'x 320 (9th Cir. 2021). Because Washington is alleged to have committed these crimes mere months after release from a halfway house, the Court finds that release to a halfway house would not reasonably assure the safety of the community from future crimes of the defendant.

For the foregoing reasons, Washington's motion to revoke is denied.

IT IS SO ORDERED.

Dated: July 25, 2023

CHARLES R. BREYER
United States District Judge